NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JAMES GENCARELLI,

          Plaintiff,

    v.

NEW JERSEY DEPARTMENT OF LABOR
& WORKFORCE DEVELOPMENT,
HAROLD J. WIRTHS, COMMISSIONER,

          Defendants.

Civ. No. 15-3405

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court upon the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) of Defendants the New Jersey Department of Labor and Workforce Development and Commissioner Harold J. Wirths (collectively, "Defendants"). (ECF No. 13). *Pro se* Plaintiff James Gencarelli ("Plaintiff") opposes. (ECF No. 16). The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion will be granted.

## BACKGROUND

Plaintiff is a resident of New Jersey. In the early 1990's, Plaintiff received unemployment insurance benefits from the New Jersey Department of Labor and Workforce Development (the "LWD"). According to LWD, Plaintiff received an overpayment of benefits during this time because he had other employment, and LWD required Plaintiff to repay the

excess and pay penalties.  Plaintiff repaid the overpayments, but LWD maintains that Plaintiff is still liable for penalties and interest.  Plaintiff alleges that in 2015, without any warning, Defendants garnished Plaintiff's wife's tax return by $1,080 as a partial repayment of these debts.  Plaintiff also alleges that Defendants claim he still owes $2,166.81 to LWD.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A party seeking dismissal under Rule 12(b)(1) may either move on the grounds that the complaint itself does not provide the basis for subject matter jurisdiction (a facial attack) or that there is no factual basis for subject matter jurisdiction (a factual attack).  *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In a factual attack, the court is "free to weight the evidence and satisfy itself as to the existence of its power to hear the case."  *Id*.  The court may weigh the complaint's allegations and "affidavits, documents, and even limited evidentiary hearings" without presuming the truthfulness of the plaintiff's allegations.  *Turicentro, S.A. v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002) *overruled on other grounds*, *Animal Science Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  In order to establish a basis for subject matter jurisdiction in federal court, a plaintiff's claims must establish either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  *Hines v. Irvington Counseling Ctr.*, 933 F.Supp. 382, 387 (D.N.J. 1996).  "Federal question jurisdiction

exists if the action 'arises under' the 'Constitution, law or treaties of the United States.'"  *Id.* at

387–88 (citing *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986).  Diversity

jurisdiction exists where there is "complete diversity of citizenship between plaintiffs and

defendants."  *In re Avandia Mktg., Sales Practices & Prods. Liability Litig.*, 624 F. Supp. 2d

396, 409 (E.D. Pa. 2009).  Thus, in a motion to dismiss for lack of subject matter jurisdiction, the

moving party must prove that there is no factual basis for federal question jurisdiction or

diversity jurisdiction.

## ANALYSIS

Plaintiff's Complaint alleges violations of federal and state law.  As Plaintiff is a citizen

of New Jersey and Defendants are citizens of New Jersey, there is no diversity jurisdiction.  28

U.S.C. § 1332(a)(1).  Accordingly, if there is any jurisdictional basis for Plaintiff's case in this

Court, it must be through federal question jurisdiction created by Plaintiff's federal claims,

which would also provide supplemental jurisdiction for Plaintiff's state law claims.  28 U.S.C. §

1367(a).

Plaintiff's federal claims are based on allegations that (1) Defendants violated the due

process clause and the *ex post facto* clause[1] by garnishing $1,080 from Plaintiff's wife's tax

return; and (2) that Defendants are violating Plaintiff's procedural due process rights by

continuing to assert that Plaintiff owes $2,166.81 to LWD.

In his Complaint submitted to the Court on May 18, 2015, Plaintiff asserts that

"Plaintiff's wife filed IRS Form 8857 (Innocent Spouse) to recoup her part of the monies taken

by [NJDL]."  (ECF No. 1, Compl., at 1) (brackets in original).  In a letter sent by Plaintiff to

---

[1] Plaintiff claims that the taking of funds from his wife's tax returns was a violation of the *ex post facto* clause because 31 CFR § 285.8—the law under which Defendants allegedly garnished Plaintiff's wife's tax return—was passed after the penalties were assessed against Plaintiff, and thus the regulation constitutes an *ex post facto* law.

Defendants' counsel on July 2, 2015, Plaintiff stated "My wife (Beverly Richmond) has

recovered the sum of ($1,088.09) by filing [Form 8379 IRS; Injured Spouse Allocation], that was

appropriated from our tax refund by the Department of Labor and Workforce Development

(*frustra*) pursuant 26 U.S.C. § f(1)."  (ECF No. 13-2, Defs.' Ex. E, at 1).  Plaintiff does not

contest Defendants' assertion that Plaintiff's wife has recovered the $1,080 in dispute.  The Third

Circuit has noted when analyzing whether a claim is moot, a court must look to "the requirement

of Article III of the Constitution under which the exercise of judicial power depends upon the

existence of a case or controversy," and that the existence of a "case or controversy" requires

"(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an

individual in a concrete manner so as to provide the factual predicate for reasoned adjudication,

and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issue for judicial

resolution."  *Rendell v. Rumsfel*, 484 F.3d 236, 240 (3d Cir. 2007) (citing *Int'l Bhd. of

Boilermakers v. Kelly*, 815 F.2d 912, 914 (3d Cir. 1987)) (internal citations omitted).  "The

central question of all mootness problems is whether changes in circumstances that prevailed at

the beginning of the litigation have forestalled any occasion for meaningful relief."  *In re

Surrick*, 338 F.3d 224, 230 (3d Cir. 2003).

Putting aside the issue of whether Plaintiff would even have standing to bring a claim

against Defendants for the deprivation of his wife's money, it is clear that the circumstances that

gave rise to this claim have changed, and Plaintiff cannot be given any meaningful relief by this

Court regarding the $1,080 taken from wife's tax return because Plaintiff's wife has recovered

those funds.  Accordingly, Plaintiff's due process claim and his *ex post facto* claim for the taking

of $1,080 from his wife's tax return is moot.  *See Anastasoff v. United States*, 235 F.3d 1054,

1055 (8th Cir. 2000) (dismissing plaintiff's tax dispute as moot when the government paid

plaintiff's refund claim); *Regimbal v. United States*, 2001 WL 752682, at \*1 (E.D. Wash. May

14, 2001) (noting that "[i]n cases involving tax disputes, courts have held that the Government's

unconditional tender of the amount claimed in the complaint renders the case moot" and

collecting cases).

Plaintiff's next claim is that Defendants are violating his due process rights by continuing

to assert that he owes $2,166.81 as penalties and interest to LWD.  In assessing whether a

plaintiff has properly asserted a procedural due process claim, "courts look to (1) whether the

interest deprived falls within the scope of the Fourteenth Amendment's protections of 'life,

liberty, or property' and (2) 'whether the procedures available provided the plaintiff with 'due

process of law.'"  *Kairo-Scibek v. Wyoming Valley West School Dist.*, 880 F. Supp. 2d 549, 556

(M.D. Pa. 2012) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

While the unjustified assessment of a monetary penalty would certainly count as the

deprivation of a property right, it is unclear whether plaintiff has been denied the due process of

law at this point.  Plaintiff claims that "[t]he Office of Administrative Law (OAL) of New Jersey

has rejected and denied all valid written petitions by Plaintiff" and that he "therefore 'looks to'

the District Court of New Jersey for equitable adjudication."  (ECF No. 16, Pl.'s Opp'n Br., at

10).  However, under New Jersey law, Plaintiff cannot file a petition with the OAL contesting

the penalties assessed against him until his case is transferred from LWD to the OAL as a

contested case.  New Jersey law specifies that any dispute regarding unemployment insurance

benefits "shall be resolved in accordance with [New Jersey's] Administrative Procedure Act."

N.J.S.A. 43:21–14(b).  Under the New Jersey Administrative Code, "[t]he Office of

Administrative Law shall acquire jurisdiction over a matter only after it has been determined to

be a contested case by an agency head and has been filed with the Office of Administrative Law

. . . . The Office of Administrative Law shall not receive, hear or consider any pleadings, motion papers, or documents or any kind relating to any matter until it has acquired jurisdiction over that matter." N.J.A.C. 1:1–3.2.  Plaintiff does not claim that he attempted to appeal the penalty through LWD procedures; instead, his Complaint and Opposition Brief indicate that he filed an appeal with the OAL directly, before his case was determined to be contested.

Accordingly, Plaintiff has failed to exhaust his administrative remedies, and so his due process claim before this Court is not ripe: it is too early to determine whether Plaintiff has been denied due process of the law.  "Ripeness is a justiciability doctrine intended to prevent a court from entangling itself in abstract disagreements by avoiding premature adjudication." *Save Ardmore Coalition v. Lower Merion Twp.*, 419 F. Supp. 2d 663, 669 (3d Cir. 2005) (citing *Nat'l Park Hospitality Ass'n v. Dept. of the Interior*, 538 U.S. 803, 807 (2003).  An analysis of whether a claim is ripe for adjudication calls for the court to "evaluate 'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" *Save Ardmore Coalition*, 419 F. Supp. 2d at 670 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).  Here, the issue of whether Plaintiff was afforded due process with regard to his unemployment insurance benefit penalties is not fit for judicial decision because Plaintiff has not exhausted his state administrative remedies.  Additionally, Plaintiff has not shown that he will suffer any hardship if the Court waits until Plaintiff has exhausted his state administrative remedies to assess the claim.  Accordingly, Plaintiff's due process claim with regard to the $2,166.81 penalty is not ripe and cannot form the basis of federal question jurisdiction.  *See Save Ardmore Coalition*, 419 F. Supp. 2d at 675 (finding that because there had not been a final agency decision on a contested matter, the claim regarding that matter was not ripe and should be dismissed under Rule 12(b)(1)).

Thus, each of Plaintiff's federal claims are either moot or not ripe, and so there is no basis in this case for federal question jurisdiction.  As discussed above, there is also no diversity jurisdiction in this case.  Accordingly, Defendant's Motion to Dismiss for lack for jurisdiction will be granted.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss will be granted.  An appropriate order will follow.

 */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Dated: September 15, 2015